# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9324 (App. No. 10-3324) | **DATE** | 11-1-2010 |
| **CASE TITLE** | Richard Malek (#R-30972) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's request for leave to appeal *in forma pauperis* [#65] is denied. The court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the City of Chicago and Chicago police officers, violated the plaintiff's constitutional rights by engaging in multiple instances of misconduct in connection with the plaintiff's arrest and interrogation. By Minute Order of August 23, 2010, the court granted the defendants' uncontested motion to dismiss certain claims as non-actionable.

The plaintiff has filed a notice of appeal and seeks leave to proceed *in forma pauperis*. However, the court finds that the appeal action does not raise a substantial issue meriting appellate review. Final judgment has not yet been entered in this case, and the plaintiff has not sought permission for leave to pursue an interlocutory appeal. In any event, the court finds that the appeal does not meet the criteria set forth in 28 U.S.C. § 1292. The plaintiff was granted over four months to respond to the motion to dismiss and failed to do so until after the deadline had expired and the dismissal order was entered. Accordingly, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

Under the rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather **(CONTINUED)**

mjm

must pay the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, the plaintiff's motion for leave to appeal *in forma pauperis* is denied. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.